OPINION
{¶ 1} Defendant-appellant/cross-appellee Kathleen A. Ferguson ("appellant") appeals the September 16, 2002 Judgment Entry of the Stark County Court of Common Pleas, which found no set off should be made against the judgment rendered against her and in favor of plaintiffs-appellees/cross-appellants Tommy L. Craft, et al. ("appellee") for money appellee received from Shelby Insurance Company ("Shelby"). Appellee cross appeals from the same judgment entry, which denied prejudgment interest.
 STATEMENT OF THE FACTS AND CASE {¶ 2} On March 16, 1998, appellee and appellant were involved in a motor vehicle accident. At that time of the accident, appellant was driving a vehicle owned by Montrose Auto Group, a car dealership, and insured by Shelby.
 {¶ 3} On February 17, 2001, appellee was involved in a second motor vehicle accident with Steve Papadopoulas.
 {¶ 4} Appellee filed a complaint against appellant and Papadopoulas claiming injuries as a result of the accidents. Appellee was awarded $44,809.39 in damages against appellant.
 {¶ 5} At the time of the accident, appellant was a permissive user of the vehicle owned by Montrose Auto Group. Shelby paid appellee the $12,500 liability limits under the policy it issued to Montrose Auto Group. Based upon this payment, appellant moved the trial court set off the $12,500 payment against the verdict rendered against her.
 {¶ 6} The trial court conducted a hearing on appellant's motion on September 16, 2002. The trial court denied appellant's motion via Judgment Entry filed September 16, 2002. It is from that judgment entry appellant prosecutes her appeal, assigning as error:
 {¶ 7} "I. The trial court abused its discretion by denying appellant's motion to set off the $12,500 payment made by Shelby Insurance Company as insurer of appellant Kathleen Ferguson."
 {¶ 8} On October 31, 2002, appellee filed a Notice of Cross Appeal from the same September 16, 2002 Judgment Entry, assigning as error:
 {¶ 9} "I. The trial court abused its discretion by Overruling cross-appellant's motion for prejudgment interest on the March 16, 1998 collision."
 APPEAL {¶ 10} Appellant filed her notice of appeal on October 21, 2002. Appellee moved this Court to dismiss appellant's appeal as being untimely. Appellee's motion to dismiss was denied by a single judge of this Court via Judgment Entry filed November 20, 2002. Appellee filed a motion for reconsideration and requested review by a full panel of this Court. Appellee's motion for reconsideration was denied by three judges of this Court via Judgment Entry filed December 19, 2002.
 {¶ 11} Despite two previous rulings from this Court denying appellee's motion to dismiss appellant's appeal as being untimely, appellee invites this Court to do so once again in his reply brief to appellant's merits brief. Because our previous rulings were interlocutory and because our jurisdiction is always capable of review, even sua sponte, we accept appellee's invitation.
 {¶ 12} App.R. 4(A) provides: "A party shall file the notice of appeal required by App.R. 3 within thirty days of the later of entry of the judgment or order appealed or, in a civil case, service of the notice of judgment and its entry if service is not made on the party within the three day period in Rule 58(B) of the Ohio Rules of Civil Procedure."
 {¶ 13} Appellant's notice of appeal was filed thirty-five days after the trial court's September 16, 2002 Judgment Entry was filed. On its face, appellant's notice of appeal appears to have been untimely filed.
 {¶ 14} Appellant argues her notice of appeal was timely filed because App.R. 14 allows an additional three days because the judgment entry being appealed was served upon her by mail. After adding these three days, the appellant argues the deadline fell on Saturday, October 19, 2002, and appellant's notice of appeal was filed Monday, October 21, 2002 (the next day which is not a Saturday, Sunday, or legal holiday in accordance with App.R. 14). Accordingly, appellant argues her appeal was timely filed. We disagree.
 {¶ 15} App.R. 4(A) mandates the filing of a notice of appeal within thirty days of the judgment entry. The filing requirements regarding the notice of appeal are mandatory and jurisdictional. The rules specify the time begins running after the entry of judgment if the trial court and clerk comply with Civ.R. 58(B). Appellant does not argue Civ.R. 58(B) was not followed. We find the deadline for filing appellant's notice of appeal was October 16, 2002. Because appellant's notice of appeal was not filed until October 21, 2002, we find it untimely. Accordingly, this Court has no jurisdiction to consider the merits of appellant's assignment of error. For analogous results see Rossv. Harden (1982), 8 Ohio App.3d 34; Allman v. Allman (Oct. 17, 2001), Licking App. No. 01CA0053, unreported; and In re: Quinn Harris (Feb. 28, 2002), Richland App. Nos. 01CA60 and 01CA61, unreported.
 CROSS APPEAL {¶ 16} App.R. 3(C) requires a cross-appeal to be filed within the time allowed by App.R. 4. App.R. 4(B)(1) states: "The following are exceptions to the appeal time period in division (A) of this rule: (1) Multiple or cross appeals. If a notice of appeal is timely filed by a party, another party may file a notice of appeal within the appeal time period otherwise prescribed by this rule or within ten days of the filing of the first notice of appeal."
 {¶ 17} Because appellant's notice of appeal was untimely filed, appellant cannot use it to avail himself of the benefit of the "ten days within the filing of the first notice of appeal." Rather, appellee must have filed his notice of cross-appeal within the appeal time period "otherwise provided" by this rule. Because appellee's notice of cross-appeal was filed more than thirty days after trial court's entry of judgment, like appellant's notice of appeal, appellee's notice of cross-appeal is also untimely filed. This Court has no jurisdiction to consider the merits of appellee's cross-appeal.
By: Hoffman, J., Gwin, P.J. and Edwards, J. concur.